# EXHIBIT "A"

## Plaintiff's Original Complaint

10/24/2019 12:05 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37928177
By: Carolina Salgado
Filed: 10/24/2019 12:05 PM

2019-77863 / Court: 055
NO. _____

| | | |
|---|---|---|
| MORGAN GOINS,<br>*Plaintiff,* | § § § | IN THE DISTRICT COURT |
| V. | § § | |
| SAM'S CLUB, LLC, CITY OF HOUSTON, TEXAS, AND INDIVIDUALLY, OFFICER LAROUX AND JANE DOE,<br>*Defendants.* | § § § § § | _____ JUDICIAL DISTRICT<br><br>OF HARRIS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff, Morgan Goins (hereinafter referred to as "Plaintiff"), hereby files this petition complaining of Sam's Club, LLC., City of Houston, Texas, and individually, Officer Laroux and Jane Doe (hereinafter collectively referred to as "Defendants"), and in support, respectfully shows the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends to conduct discovery in this action under Level 3 pursuant to Tex. R. Civ. P. 190.1. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiffs seek monetary relief over $200,000.00, but not more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees and judgment for all other relief to which Plaintiff is justly entitled. Plaintiffs expressly reserve the right to amend this Rule 47 statement of relief if necessary.

### II. PARTIES AND SERVICE

2. Plaintiff MORGAN GOINS is an individual residing in Harris County, Texas.

3. Defendant, OFFICER LAROUX, sued in his individual capacity, at all relevant times acted under color of law, employed by Defendant City of Houston. Upon information and belief, at all relevant times, LAROUX was working an approved extra-job at Sam's Club.

For Official Governmental Use Only - Do Not Disseminate to the Public: 87768817 - Page 1 of 8

1

4. Defendant JANE DOE, sued in her individual capacity, at all relevant times acted under color of law, employed by Defendant Sam's Club, LLC as a security guard, acting with the authority or agency of the City of Houston.

5. Defendant SAMS CLUB, LLC, a limited liability company based in Arkansas, and may be served with process by serving its registered agent, Arif Deen at its registered office, 12406 Ashford Hollow, Sugarland, Texas 77478.

6. Defendant CITY OF HOUSTON, TEXAS is a municipal corporation, governmental entity and political subdivision of the State of Texas, and may be served with process by serving Anna Russell, City Secretary, at P.O. Box 1562, Houston, Texas 77251.

### III.  JURISDICTION AND VENUE

7. The subject matter in controversy is within the jurisdictional limit of the court.

8. The court has jurisdiction over the claims.

9. Venue is proper in City of Houston, Texas, pursuant to Tex. Civ. Prac. & Rem. Code §15.002 *et. seq.* because all or a substantial part of the events or omissions giving rise to the claims arose in City of Houston, Texas.

### IV.  FACTUAL ALLEGATIONS

10. On August 14, 2018, at approximately 5:00 pm, Mr. Goins went to Sam's Club[1] to get new tires at the Tire Center. While waiting for the service, he decided to walk to a nearby UPS store.

11. While walking through the Kroger (which is adjacent to Sam's Club) parking lot, Mr. Goins was aggressively approached by a uniformed Houston Police Officer, Officer Laroux, driving an unmarked vehicle, working an extra-job at Sam's Club.

12. Laroux–although uniformed–did not identify himself as an HPD Officer.

13. Officer Laroux just yelled at Mr. Goins, instructing him to put his hands on Laroux's vehicle.

---

[1] Humble Sam's Club–Store #6367, 9475 Farm to Market 1960 Bypass Rd. W., Humble, Texas 77338.

2

For Official Governmental Use Only - Do Not Disseminate to the Public: 87768817 - Page 2 of 8

14. Mr. Goins asked why he was being stopped. Officer Laroux did not answer, he stepped out of the vehicle, and, in a more aggressive tone, repeated his command for Mr. Goins to put his hands on the vehicle. Mr. Goins complied.

15. Officer Laroux then placed Mr. Goins in handcuffs. The handcuffs were placed on very tightly, causing Goins severe pain.

16. Goins asked Officer Laroux if he could loosen the handcuffs several times, but Officer Laroux ignored and/or refused each request. Instead Officer Laroux informed Mr. Goins that he placed the handcuffs on so tightly because Mr. Goins was being "belligerent."

17. A Sam's Club security guard arrived on the scene shortly thereafter. Officer Laroux and security guard stated that someone reported that I was "taking stuff off of cars." Mr. Goins informed them that he was not, and that he was getting new tires and that his vehicle was checked into be serviced at the Sam's Club Tire Center. Mr. Goins asked them several times to go an confirm his story with the Tire Center employees, providing Officer Laroux and Security Guard with his name and vehicle description.

18. Officer Laroux called an Humble Police Department Officer to the scene and transported Mr. Goins back to the Sam's Club. Mr. Goins also asked the Humble Police Officer to loosen his handcuffs, but he replied that Goins needed to ask Officer Laroux. Mr. Goins informed the Humble Police Officer that he had already done so several time, to no avail.

19. After several requests, Officer Laroux instructed the Security Guard to go and confirm Mr. Goins' story with the Tire Shop. The Security Guard returned, stating that the Tire Shop employees had no recollection of a guy wearing my clothes coming into the tire shop. Mr. Goins asked the Security Guard if she gave the Tire Shop employee my name, and she responded no. Instead of going back and providing the proper information to confirm Mr. Goins' story, the Security Guard and Officer Laroux just continued to interrogate Mr. Goins.

20. Defendant Officer and the Security Guard questioned Mr. Goins for a period of at least one hour, in spite of his continued protestations of innocence and demands to be released. Plaintiff was handcuffed,

3

For Official Governmental Use Only - Do Not Disseminate to the Public: 87768817 - Page 3 of 8

escorted from the store by a Houston Police Officer, placed in a police vehicle in front of the store where he remained for more than thirty (30) minutes, until he was finally released.

21. Immediately upon his release, Mr. Goins went to the emergency room due to his severe pain and numbness. After testing, Mr. Goins learned that he suffered nerve damage to his wrists.

22. Mr. Goins then filed a complaint with HPD's Internal Affairs Division (Issue Record #53339-2018). However, the investigation did not result in any disciplinary action against Officer Laroux.

23. Plaintiff now bring these claims against Sam's Club, the City of Houston, and Defendant Officer for violations of *42 U.S.C. § 1983* and Texas law.

## V. CAUSES OF ACTION

### *FIRST CLAIM FOR RELIEF – 42 U.S.C. § 1983 VIOLATIONS*

24. Plaintiff re-alleges all of the allegations in the previous paragraphs, as though fully set forth herein.

25. *§ 1983 - Excessive Force.* Officer Laroux, while acting under color of law, used objectively unreasonable force against Mr. Goins when he placed excessively tight handcuffs on Mr. Goins wrists and denying Mr. Goins' incessant requests that the handcuffs be loosened.[2] Said actions violated Mr. Goins' Fourth Amendment right to be free from the use of excessive force.[3] As a result, Mr. Goins suffered significant pain and injuries, including but not limited to, permanent nerve damage.

26. Mr. Goins committed no crime, he was unarmed, non-combative, compliant and did not pose a threat to the Officers or the general public.

27. The need for such force was non-existent and there were no circumstances that prevented Officer Laroux to responding to Mr. Goins' request that the handcuffs be loosened.

---

[2] The United States Supreme Court recently upheld (denied cert.) a finding that a police officer's alleged actions when effecting an arrest, consisting of placing excessively tight handcuffs on an arrestee and needlessly failing to respond for 10 minutes to the arrestee's pleas to loosen them, resulting in permanent nerve damage, constitutes excessive force in violation of the Fourth Amendment. The Court pointed out that the officer faced rather benign circumstances that hardly justified his failure to respond more promptly to the arrestee's entreaties. *Tate v. Kopec*, No. 04-112, Nov. 1, 2004, 2004 WL 2152481; 11-4-2004 U.S. Sup. Ct. Actions 6.
[3] The Supreme Court further held that the arrestee's right to be free from the use of excessive force in the course of being handcuffed was clearly established, precluding qualified immunity for the arresting officer. *Id.*

For Official Governmental Use Only - Do Not Disseminate to the Public: 87768817 - Page 4 of 8

28.     Plaintiff pleads that Defendant used excessive force in the course of Officer Laroux's supposed arrest, and/or investigatory stop, and/or other "seizure" of a free citizen, such as Goins in violation of the Fourth Amendment and its "reasonableness" standard. Mr. Goins therefore pleads that he was unlawfully assaulted by Defendant. Said actions resulted directly and only from the intentional use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable.

29.     Such actions and/or omissions are "objectively unreasonable" in light of the facts and circumstances confronting him without regard to his underlying intent or motivation. Clearly, careful attention to the facts and circumstances of this particular case demonstrates the unreasonableness of said actions. For these reasons, it is objectively unreasonable for Defendant to excessively handcuff–and refuse to loosen after request–Mr. Goins.

30.     Defendants' wrongful acts and omissions as set out above amount to the unlawful arrest of Plaintiff in violation of the Fourth Amendment to the United States Constitution made applicable to Defendants by the Fourteenth Amendment to the United States Constitution for which redress is provided by 42 U.S.C. §1983.

31.     Defendant City of Houston and Chief Art Acevedo are also liable under well-established theories of municipal and supervisory liability.

32.     Individual Defendants' wrongful acts were wanton, malicious, and done with the specific intent to cause substantial injury to Plaintiff rendering appropriate the award of punitive damages against the individual Defendants.

33.     *§ 1983 – Unreasonable Seizure.* The Individual Defendants, while acting under color of law, subjected Plaintiff to an unreasonable seizure when they detained him for approximately one hour with little to no evidence that he committed a crime. In fact, it is still unclear what crime the Defendants suspected Plaintiff of committing. Upon information and belief, no crime was reported, and no victim or complainant was identified. Further, the Individual Defendants' failure to adequately investigate Plaintiff's claims of innocence, despite having verifiable information, is unreasonable and demonstrates

For Official Governmental Use Only - Do Not Disseminate to the Public: 87768817 - Page 5 of 8

5

their conduct was wanton, malicious, and done with the specific intent to cause substantial injury to Plaintiff.

## SECOND CLAIM FOR RELIEF – FALSE IMPRISONMENT

34. Plaintiffs re-allege all of the allegations in the previous paragraphs, as through fully set forth herein.

35. Defendants willfully detained Plaintiff without consent or authority of law.

36. Defendants accosted Plaintiff in a public parking lot and held him against his will for more than one (1) hour.

37. Defendants did not immediately ask or instruct Plaintiff to leave the property.

## THIRD CLAIM FOR RELIEF – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiff re-alleges all of the allegations in the previous paragraphs, as through fully set forth herein.

39. When applying excessive force, conducting the unreasonable detention of Plaintiff, and the unreasonable and illegal search of Mr. Goins, excessively handcuffing him and leaving him in handcuffs in the backseat of a police car in front of a busy store, the Individual Defendants, acted intentionally or recklessly. Such conduct by the Defendants was extreme and outrageous and proximately caused Plaintiff severe emotional distress.

## FOURTH CLAIM FOR RELIEF – NEGLIGENT TRAINING, HIRING & SUPERVISION

40. Plaintiff re-alleges all of the allegations in the previous paragraphs, as through fully set forth herein.

41. Corporate Defendants had a legal duty to hire, supervise, train and retain competent employees.

42. Defendants breached the duty when Defendants hired, contracted, supervised, trained and/or retained John Doe and Jane Doe and/or their employer.

43. Defendants' breach of their duty to hire and supervise competent employees proximately caused

For Official Governmental Use Only - Do Not Disseminate to the Public: 87768817 - Page 6 of 8

injury to Plaintiff, from which he now seeks recovery.

## VI. DAMAGES

44. As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Plaintiff has been caused to suffer general damages which include but are not limited to the following: both physical and emotional injury, including but not limited to pain and suffering, emotional and mental distress, loss of enjoyment, loss of and personal humiliation and shock.

45. Said injuries have caused Plaintiffs to incur special damages which include but are not limited to past medical expenses, lost profits and the occurrence of attorneys' fees associated with his criminal charges.

46. Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988, a prevailing party in a § 1983 case is entitled to recover his attorney's fees. Hence, Plaintiffs further pray for all costs and attorney fees associated with bringing the present case to trial.

47. In addition, Plaintiffs pray for punitive damages against all individual Defendants. Punitive damages are designed to punish and deter persons such as Defendants who have engaged in egregious wrongdoing. Punitive damages may be assessed under § 1983 when a Defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others. While municipal defendants are absolutely immune from § 1983 awards of punitive damages, such damages may be awarded against a public employee or official in their individual capacity. Therefore, Plaintiffs allege and pray for punitive damages against all individual Defendants, as such Defendants actually knew that their conduct was unconstitutional, and/or was callously indifferent to its legality.

## VII. REQUEST FOR DISCLOSURE

48. Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose, within 30 days of the service of this request, the information or material described in Rule 194.2.

For Official Governmental Use Only - Do Not Disseminate to the Public: 87768817 - Page 7 of 8

### VIII. RULE 193.7 NOTICE

49. Plaintiffs hereby give actual notice to Defendants that any and all documents produced may be used against Defendants at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document(s).

### IX. JURY DEMAND

50. Plaintiff hereby demands a trial by jury.

### X. PRAYER FOR RELIEF

51. WHEREFORE PREMISES CONSIDERED, Plaintiff prays that upon trial of the merits, he recover compensatory damages against Defendants, jointly and severally; that Plaintiff also recover punitive damages against the individual Defendants in an amount to punish and/or deter and to make an example of those Defendants in order to prevent similar future conduct; and, that Plaintiffs recover against each Defendant all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation. Moreover, Plaintiff prays for all pre-judgement and post judgement interest that can be assessed against the Defendants in the event of recovery; and that Plaintiff recover against each Defendant any and all other relief, general or specific, in law or equity, relief to which he may be justly entitled.

Respectfully submitted,

**ANDRE EVANS & ASSOCIATES, PLLC**

*/s/ Andre D. Evans*
ANDRE D. EVANS
Federal Bar I.D. No. 2553080
Texas State Bar No. 24082970
3003 South Loop West, Suite 108
Houston, Texas 77054
T: (832) 941-1282
F: (832) 778-8353
andre@attorneyandreevans.com

**ATTORNEY FOR PLAINTIFFS**

For Official Governmental Use Only - Do Not Disseminate to the Public: 87768817 - Page 8 of 8



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   May 1, 2020

Certified Document Number:        87768817 Total Pages:  8

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**