United States District Court
Southern District of Texas
**ENTERED**
June 08, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MORGAN GOINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-20-1553 |
| | § | |
| CITY OF HOUSTON, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge in this case that has been referred for all pretrial proceedings is Defendant Sam's East, Inc.'s 12(b)(2), 12(b)(5), 12(b)(6) and Rule 4(m) Motion to Dismiss (Document No. 33) and Defendants City of Houston and Vincent LaRue's Motion to Dismiss (Document No. 38). Having considered the motions, the absence of any response to the motions, as well as Plaintiff's failure to respond to the Show Cause Order entered on March 29, 2021 (Document No. 43), and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that both Motions to Dismiss (Document Nos. 33 and 38) be GRANTED.

### I.   Background

This is a civil rights case brought by Plaintiff Morgan Goins ("Goins") against Sams East, Inc. ("Sams"), the City of Houston, and Houston Police Officer Vincent LaRue ("LaRue") related to an incident during which Goins was detained and questioned by Officer LaRue after LaRue received information that Goins was taking "things" off of cars in a Sams club parking lot. Goins alleges that the detention was unlawful and that he was subjected to an unreasonable search and

seizure in violation of his Fourth Amendment rights. Goins has asserted § 1983 claims against LaRue and the City of Houston for unreasonable seizure and excessive force; a state law claim against LaRue and Sams for false imprisonment; claims of negligent training, hiring and supervision against the City of Houston and Sams; and a claim of intentional infliction of emotional distress against LaRue. Goins also alleges that the City of Houston and/or Sams is vicariously liable for Defendant LaRue's actions as his employers.

Each Defendant has filed a Motion to Dismiss. LaRue maintains that the Court lacks personal jurisdiction over him because he was not timely served under Fed. R. Civ. P. 4(m). Sams also maintains that it was not timely served, but additionally argues that Goins has not stated a plausible claim against it insofar as it is not a "state actor" for purposes of any liability under § 1983, it has no vicarious liability under § 1983 for any conduct of LaRue, and Goins has not stated, with any factual allegations, any plausible state law claims for negligence or intentional infliction of emotional distress. The City of Houston, on strictly substantive bases, maintains that Goins has not alleged any facts that would give rise to municipal liability under § 1983, that there are no facts that would support any type of negligent training, hiring or supervision claim, and that it has governmental immunity for all of the state law claims. To this date, Goins has not filed a response to either of the Motions to Dismiss despite being advised of the need to do so at the Rule 16 scheduling conference held on October 6, 2020. In addition, Goins has not responded to the Show Cause Order entered on March 29, 2021, which afforded him one last opportunity to explain or justify the improper and/or untimely service upon LaRue and Sams.

The Motions to Dismiss are deemed unopposed under the Local Rules of this District based on Goins' failure to file a response to either motion. In addition, pursuant to the terms of the Show

Cause Order, to which Goins did not file a response, Goins is unopposed to the dismissal of the claims against both LaRue and Sams for untimely/improper service and concomitant lack of personal jurisdiction.

**II.     Service**

The incident underlying the claims in this case is alleged to have occurred on August 14, 2019. Plaintiff filed suit in state court against Sams, the City of Houston, and Officer LaRue, on October 24, 2019. The City of Houston was served on April 27, 2020, and removed the case to this Court on May 1, 2020. At the time of removal, only the City of Houston had been served. Less than a week after removal, the City of Houston filed a Motion to Dismiss (Document No. 4). Goins did not file a response to that motion, but did file an Amended Complaint on July 31, 2020 (Document No. 10). The City of Houston, in response, filed a Motion to Dismiss the Amended Complaint on August 6, 2020 (Document No. 12). Goins, again, did not file a response to that Motion to Dismiss, but instead filed a Second Amended Complaint on August 13, 2020 (Document No. 15). Again, the City of Houston, and now joined by Defendant LaRue, filed another Motion to Dismiss (Document Nos. 18 & 19). Goins <u>did</u> file a response to that Motion to Dismiss (Document No. 21), but also filed a Third Amended Complaint (Document No. 26). By Order entered on October 6, 2020, the Third Amended Complaint was allowed to be filed (Document No. 37).

All Defendants have filed a Motion to Dismiss the Third Amended Complaint (Document Nos. 33 & 38), with both Defendant LaRue and Defendant Sams arguing that they were not timely served. As the record shows that neither LaRue nor Sams were timely served, and because Goins has not offered any response to that basis for dismissal of his claims, or any explanation for the

3

untimely service, Goins' claims against Defendants LaRue and Sams should be dismissed pursuant to Fed. R. Civ. P. 4(m).

At the time this case was removed on May 1, 2020, only the City of Houston had been served. Following removal, Goins requested the issuance of a summons for Defendant LaRue on July 29, 2020, and the issuance of a summons for Sams on August 7, 2020. LaRue was served on August 5, 2020. While another summons was issued for Sams on August 17, 2020, it is unclear whether and when Sams was served. Sams, nonetheless, made an appearance on this case when it filed its Motion to Dismiss on September 28, 2020.

Under Fed. R. Civ. P. 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

When a case is filed in state court and removed to federal court, a plaintiff has 90 days from the date of removal to effect service under Rule 4(m). *Hickman v. U.G. Lively*, 897 F. Supp. 955, 958 (S.D. Tex. 1995); *Myart v. City of San Antonio*, No. SA-19-CV-00702-OLG, 2019 WL 7067126, at *9 (W.D. Tex. Dec. 23, 2019) ("A plaintiff who does not perfect service of process in state court therefore has 90 days from the date of removal in which to complete this task."). In addition, while Rule 4(m) suggests leniency where a plaintiff can articulate good cause, where no good cause is shown and where there is no reason or explanation provided for why service was not, and could not be, timely effected, dismissal without prejudice for untimely service is warranted. *E.g., Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (finding no abuse of discretion in district

court's dismissal under Rule 4(m)).[1]

Here, the case was removed on May 1, 2020. Service was not effected on LaRue until August 5, 2020 – 96 days after removal. In addition, a summons was not even requested for Sams until August 7, 2020, again, several days after the 90 day period for service had passed. Goins offers no explanation or excuse for his untimely service on LaRue and Sams. In addition, despite being given one final opportunity to provide the Court with an explanation or excuse, Goins failed to file a response to the Show Cause Order filed on March 29, 2021. Given Goins' <u>complete</u> lack of response to Defendants LaRue's and Sam's untimely service arguments for dismissal,[2] the Magistrate Judge concludes that Goins' claims against both Defendant LaRue and Sams should be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 4(m).

### III.     Rule 12(b)(6) Failure to State a Claim

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains

---

[1] Where a defendant has not been properly served under Fed. R. Civ. P. 4, the Court generally lacks personal jurisdiction over that defendant. *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999)

[2] There is no basis in any of Goins' submissions to support a finding of good cause for the untimely service. Goins knew in May 2020, LaRue's identity and the proper spelling of his name. See City of Houston's first Motion to Dismiss (Document No. 4 at 6). In addition, Goins could have determined the proper Sams entity that needed to be served well in advance of the Rule 4(m) deadline.

"factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

**A. Sams**

Notwithstanding the determination, above, that Goins' claims against Sams should be dismissed without prejudice pursuant to Rule 4(m), Goins claims are also subject to dismissal, with prejudice, pursuant to Rule 12(b)(6). Goins asserts in his Third Amended Complaint state law claims against Sams for false imprisonment, and for negligent training, hiring and supervision. Goins also alleges that Sams can and should be held vicariously liable for the conduct of Defendant

LaRue, including the conduct of LaRue that gives rise to Goins' claim of intentional infliction of emotional distress. Sams maintains in its Motion to Dismiss that none of Goins' factual allegations give rise to plausible state law claims.

### 1. False Imprisonment Claim

Sams maintains that Goins has not alleged a plausible claim of false imprisonment against it because there are no allegations that Sams detained Goins. In addition, Sams argues that the conduct of Officer LaRue about which Goins complains does not give rise to any vicarious liability against it on a theory of false imprisonment because LaRue was acting in furtherance of his lawful public authority and in the performance of his public duties as a police officer.

A false imprisonment claim under Texas law has three essential elements: "(1) willful detention; (2) without consent; and (3) without authority of law." *Wray v. Home Depot U.S.A., Inc.*, No. 3:19-CV-2785-S, 2021 WL 1238298, at *2 (N.D. Tex. Apr. 2, 2021) (citing *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002)), *appeal filed*, No. 21-10374. In the context of law enforcement activities undertaken by a peace officer while working in a private security-related position, as is the case herein, whether "a private employer is vicariously liable for the actions of an off-duty police officer," depends on the "capacity [in which] the officer was acting when he committed the complained of acts." *Notzon v. City of Laredo*, Civil Action No. 5:17-CV-7, 2018 WL 3428603 *8 (S.D. Tex. July 16, 2018). That capacity determination has been distilled to the following:

> If the officer is performing a public duty, such as the enforcement of general laws, the officer's private employer incurs no vicarious responsibility for that officer's acts, even though the employer may have directed the activities. If the officer was engaged in protecting the employer's property, ejecting trespassers, or enforcing rules and regulations promulgated by the employer, however, the trier of fact decides whether the officer was acting as a public officer or as a servant of the employer.

*Mansfield v. C.F. Bent Tree Apartment Ltd. P'ship*, 37 S.W.3d 145, 150 (Tex. App. 2001) (cited in *Notzon*, 2018 WL 3428603 *8, and *Cox v. City of Fort Worth, Texas*, 762 F.Supp.2d 926, 929 (N.D. Tex. 2010)).

Here, the factual allegations in Goins' complaint support the conclusion that Officer LaRue was performing a public duty at the time he stopped, questioned and detained Goins. Goins alleges that Officer LaRue, while working an extra private security job for Sams, was notified that Goins had been seen "taking stuff off of cars." The tip about Goins was anonymous. Goins was stopped by LaRue, questioned, searched, hand-cuffed, and eventually released. Goins was not arrested and no charges were filed. Goins alleges that he was detained for over an hour. These allegations and the entirety of LaRue's alleged actions were based on a suspicion of criminal activity, and Goins admits as much in his pleading. *See* Document No. 26 at ¶ 45. "An officer's public duty may [ ] be triggered by reasonable suspicion to detain a person for investigation even if the officer lacks knowledge of facts justifying an arrest based on probable cause." *Morgan v. City of Alvin*, 175 S.W.3d 408, 417 (Tex. App.– Houston [1st Dist.] 2004) (cited in *Ogg v. Dillard's, Inc.*, 239 S.W.3d 409, 418 (Tex. App. 2007)). Because LaRue acted pursuant to a reasonable suspicion that Goins was engaged in criminal activity, and there are no allegations that Goins was protecting Sams' property, ejecting trespassers, or enforcing any articulated rules or regulations of Sams, Goins' allegations do not state a plausible vicarious liability claim against Sams for false imprisonment. That claim is, therefore, subject to dismissal under Rule 12(b)(6) for failure to state a claim.

### 2. Negligent Hiring, Training and Supervision Claims

Sams also argues in its Motion to Dismiss that Goins has not alleged any facts that would support a claim of negligent hiring, negligent training or negligent supervision. "An employer can be liable for negligence if its failure to use due care in hiring, supervising, or retaining an employee creates an unreasonable risk of harm to others. Although the [Texas] supreme court has yet to rule definitively on the 'existence, elements, and scope of [causes of action for negligent retention and supervision] and related torts such as negligent training and hiring," it has indicated that to recover on these theories, a plaintiff must show more than just negligent hiring practices. *Clark v. PFPP Ltd. P'ship*, 455 S.W.3d 283, 287 (Tex. App. 2015) (quoting *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 n. 27 (Tex. 2010), and citing to *Wansey v. Hole*, 379 S.W.3d 246, 247 (Tex.2012) (per curiam)). For each of these negligence-based causes of action the plaintiff "must also show she 'suffer[ed] some damages from the foreseeable misconduct of an employee' who was hired, supervised or retained pursuant to the defendant's negligent practices." *Id.* (quoting *Wansey*, 379 S.W.2d at 247)).

Here, Goins' Third Amended Complaint is devoid of factual allegations to support his negligent hiring, training, and supervision claims. In particular, there are no factual allegations about any hiring, training or supervision practice that was that unreasonable or deficient. In addition, there are no factual allegations to tie any hiring, training or supervision practice to Goins' detention and/or damages. All there is in Goins' current pleading to support these claims is Goins' allegations that Sams "breached the duty when [it] hired, contracted, supervised, trained and/or retained Officer LaRue" and that the breach of its "duty to hire and supervise competent employees proximately caused injury" to Goins. Third Amended Complaint (Document No. 26) at ¶ 95 & 96.

9

These allegations are conclusory and do not identify any hiring, training or supervision practice on the part of Sams that led to the events at issue in this case. While it may be that Goins could amend his complaint to include such allegations, he has not done so to this point and has already amended his pleadings three times. In addition, Goins did not respond to Sams' Motion to Dismiss, and has not requested permission to further amend. Given those circumstances, where there are no factual allegations that would state a plausible claim for negligent hiring, training and supervision, and where Goins has already amended his pleadings at least twice, Goins' negligent hiring, training and supervision claims should be dismissed with prejudice as non-plausible, without leave to amend.

### 3. Intentional Infliction of Emotional Distress Claim

Goins alleges that Sams is vicariously liable for LaRue's conduct that is actionable as intentional infliction of emotional distress. In its Motion to Dismiss, Sams argues that Goins has not stated a plausible claim for intentional infliction of emotional distress against Defendant LaRue, and therefore there is no plausible claim against it for vicarious liability.

To state an intentional infliction of emotional distress claim under Texas law, a plaintiff must allege: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the emotional distress suffered was severe. *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993). Conduct is considered to be extreme and outrageous when the character of the act is so outrageous and the degree is so extreme as to go beyond all possible bounds of decency. *Id.* at 621. A claim for intentional infliction of emotional distress is a "gap filler" claim under Texas law that only has viability when there are no other statutory or common law remedies available. *See Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005) ("intentional infliction of emotional distress is a "

'gap-filler' " tort never intended to supplant or duplicate existing statutory or common-law remedies. Even if other remedies do not explicitly preempt the tort, their availability leaves no gap to fill)*; see also Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004) ("Where the gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available.").

Here, Goins has not stated a plausible intentional infliction of emotional distress claim against Defendant LaRue or Sams. First, none of the alleged conduct of LaRue could be considered extreme and outrageous. Goins alleges that he was stopped, questioned, searched and handcuffed in connection with a report from an anonymous tip that he was engaged in criminal activity. His detention is alleged to have exceeded one hour. Because Goins alleges that LaRue was responding to a tip about criminal activity, and because the alleged terms and duration of the detention were not extreme or outrageous, Goins has not stated a plausible intentional infliction of emotional distress claim. Second, the conduct of LaRue about which Goins complains in this case more closely fits with some of the other claims alleged, and therefore a claim of intentional infliction of emotional distress is not needed to fill any gap in the available remedies. *See e.g., Miller v. Target Corp.*, ___ F.App'x ___, 2021 WL 1307929 (5th Cir. April 7, 2021) (upholding dismissal of intentional infliction of emotional distress claims where "gravamen" of plaintiff's claims was another tort); *Huynh v. Wal-Mart Stores Texas, LLC*, Civil Action No. 18-4257, 2019 WL 2931573 (S.D. Tex. June 17, 2019), *report and recommendation adopted*, 2019 WL 2913856 (S.D. Tex. July 8, 2019). Goins has, accordingly, not stated a plausible state law claim of intentional infliction of emotional distress against Sams, and that claim is also subject to dismissal under Rule 12(b)(6).

### B. City of Houston

#### 1. § 1983 Claims and Vicarious Liability Allegations

Goins alleges claims for unlawful seizure and excessive force under § 1983 against both Defendant LaRue and the City of Houston. The City of Houston, in its Motion to Dismiss, maintains that Goins has not stated a plausible § 1983 claim against it because there are no allegations of a municipal policy or practice that led to the alleged violations of Goins' constitutional rights.

42 U.S.C. § 1983 provides that any person who, under color of state law, deprives another of "any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress...." 42 U.S.C. § 1983. "Rather than creating substantive rights, § 1983 simply provides a remedy for the rights that it designates." *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1574 (5th Cir. 1989), *cert. denied*, 493 U.S.1019 (1990). To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting "under color of state law." *See Bass v. Parkwwod Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999); *Gomez v. Toledo*, 446 U.S. 635, 340 (1980) ("By the plain terms of § 1983, two-and only two-allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.").

When a municipality has been sued under § 1983, there is only liability if it can be shown that "a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of. *Monell v.*

*Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). There is no respondeat superior liability. *Id.* at 692. That means that a municipality, such as the City of Houston in this case, can only be held liable for the alleged unlawful seizure and excessive force used by Defendant LaRue if the City of Houston can be said to have caused the use of the alleged excessive force. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.) ("the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability"), *cert. denied*, 534 U.S. 820 (2001). When the theory of municipal liability is based on an alleged failure to train, it must be shown that the failure to provide proper training "caused" the injury complained of. *Brown v. Bryan Cty., OK*, 219 F.3d 450, 457 (5th Cir. 2000), *cert. denied*, 532 U.S. 1007 (2001). Somewhat similarly, when the theory of municipal liability is based on an alleged failure to supervise or discipline, it must be shown that "the inadequate-supervision policies directly caused the plaintiff's injuries." *Malone v. City of Fort Worth, Texas*, 297 F. Supp. 3d 645, 656 (N.D. Tex. 2018).

To state a § 1983 claim against a municipality such as the City of Houston, the complaint must allege sufficient factual content to permit the reasonable inference that a constitutional violation occurred and that an official policy, promulgated by an official municipal policymaker, was the moving force behind the constitutional violation. *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009). An "official policy" needed to establish municipal liability under § 1983 is defined as:

> a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

13

> a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *see also Bennett v. Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc), *cert. denied*, 472 U.S. 1016 (1985). "The policy or custom relied upon to establish liability may include the inaction of official policymakers, but only when such inaction constitutes 'deliberate indifference' to the rights of the plaintiff, and such indifference is a 'closely related' cause of the plaintiff's injuries." *May v. City of Arlington, Texas*, 398 F. Supp. 3d 68, 79 (N.D. Tex. 2019) (citing and quoting *City of Canton v. Harris*, 489 U.S. 378, 388, 391 (1989)).

When challenged in a 12(b)(6) context, the plaintiff "must do more than describe the incident that gave rise to his injury." *Ratliff v. Aransas Cty., Texas*, 948 F.3d 281, 285 (5th Cir. 2020) (quoting *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018)). In addition, "[t]he description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997).

Here, Goins' allegations do not state a municipal liability claim under § 1983 against the City of Houston. Goins alleges that the City of Houston has an "unwritten policy of allowing its employees to excessively handcuff suspects, failure to train or discipline officers who use excessive force (including handcuffing) and its failure to adequately investigate employee misconduct was the moving force behind Plaintiff's injuries [and that] there exists a known custom or pattern within the Houston Police Department regarding the use of excessive force, including handcuffing, to which its policymakers allow to persist, or fail to adequately remedy." Third Amended Complaint

(Document No. 26) at ¶ 73. These broad, conclusory allegations are insufficient to state a plausible municipal liability claim under § 1983. *See e.g.*, Calhoun v. City of Houston Police Department, ___ F.App'x ___, 2021 WL 1326703 at *4 (conclusory allegations of a municipal policy are insufficient to state a plausible municipal liability claim under § 1983). In addition, because Goins has already amended his pleadings three times, and has not filed a response to the current Motion to Dismiss, or asked for further leave to amend, his § 1983 claims against the City of Houston should be dismissed, without leave to amend.

### 2. Negligent hiring, training, and supervision claims

Goins also alleges the same state-law based negligent hiring, training and supervision claims against the City of Houston as he alleged against Sams. For the same reasons set forth above via-s-vis those claims against Sams, *see infra* p. 9-10, Goins has not stated, with any factual allegations, plausible claims against the City of Houston for negligent hiring, training and supervision.³ Goins' state law claims against the City of Houston are, therefore, subject to dismissal pursuant to Rule 12(b)(6).

### 3. Intentional Infliction of Emotional Distress Claim

As with Sams, Goins seeks to hold the City of Houston vicariously liable on the intentional infliction of emotional distress claim he has asserted against LaRue. For the same reasons set forth above vis-a-vis Sams, Goins has not stated a plausible intentional infliction of emotional distress

---

³ In its Motion to Dismiss, the City of Houston also argues that Goins has not stated plausible negligent hiring, training and supervision claims under § 1983. While it is not entirely clear that Goins asserted such claims under § 1983, as opposed to state law, the absence of any factual allegations about the City of Houston's hiring, training and supervision practices renders implausible any such claims under § 1983. *See Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005) ("for liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective").

claim against the City of Houston. Moreover, Goins additionally has not stated a plausible intentional infliction of emotional distress claim against the City of Houston because the City of Houston has not waived its governmental immunity for such an intentional or claim.

In Texas, a governmental unit[4] can only be held liable for the tortious actions of its agents and employees to the extent that its sovereign immunity is waived by the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE ANN. § 101 *et seq*. The three specific areas of liability for which sovereign immunity has been waived include: (1) injury caused by an employee's use of a motor-driven vehicle, TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1); (2) injury caused by a "condition or use of tangible personal or real property," *id.* § 101.021(2); and (3) claims arising from premise defects, *id.* § 101.022.

---

[4] A governmental unit is defined as:

> (A) this state and all the several agencies of government that collectively constitute the government of this state, including other agencies bearing different designations, and all departments, bureaus, boards, commissions, offices, agencies, councils and courts;
>
> (B) a political subdivision of this state, including any city, county, school district, junior college district, levee improvement district, drainage district, irrigation district, water improvement district, water control and improvement district, water control and preservation district, freshwater supply district, navigation district, conservation and reclamation district, soil conservation district, communication district, public health district, and river authority; and
>
> (C) an emergency service organization; and
>
> (D) any other institution, agency or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3).

None of the conduct complained of herein falls within the sovereign immunity waivers provided for in the Texas Tort Claims Act. In addition, intentional torts, as is at issue with Goins' intentional infliction of emotional distress claims, explicitly fall outside of Texas' governmental immunity waivers. *See* TEX. CIV. PRAC. & REM. CODE § 101.057 (excluding waiver for a claim "arising out of assault, battery, false imprisonment, or any other intentional tort"); *Casanova v. City of Brookshire*, 119 F. Supp. 2d 639, 666 (S.D. Tex. 2000) ("The TTCA does not, however, waive immunity for intentional torts").

Because Goins' factual allegations do not state a plausible intentional infliction of emotional distress claim, and because the City of Houston has governmental immunity on such a claim, Goins' intentional infliction of emotional distress claim must be dismissed pursuant to Rule 12(b)(b)(6).

## V.    Conclusion and Recommendation

Based on the foregoing and the conclusion that Defendants LaRue and Sams were not timely and/or properly served, and that Plaintiff has not stated plausible claims against Sams and the City of Houston, the Magistrate Judge

RECOMMENDS that the Motions to Dismiss (Document Nos. 33 & 38) both be GRANTED, that the claims against Defendant LaRue and Defendant Sams East, Inc. be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 4(m), and that the claims against Defendant Sams East, Inc. and the City of Houston be DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file

written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b). Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 144-145 (1985); *Ware v. King*, 694 F.2d 89, 91 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 8th day of June, 2021.

*Frances H. Stacy*
Frances H. Stacy
United States Magistrate Judge